## SUPREME COURT.

### AMBROSE PATTISON agt. BENJAMIN B. JOHNSON.

The *notice* required to be given of the examination of a party or person as a wit-
ness, under § 399 of the Code, must designate and specify distinctly the points
upon which such examination is intended to be had. The notice should cer-
tainly be as clear and as definite as is required in a bill of particulars.

A notice of this kind: "The defendant will be examined as a witness on the trial
of this action in his own behalf, on each and every allegation contained in, and
fact put in issue by the pleadings therein," *held*, entirely insufficient. No *points*
are specified in such a notice.

*Erie Special Term, November*, 1857.

MOTION for new trial upon exceptions.

The action is upon a note. It is alleged in the complaint
that the defendant made the note payable to the order of one
Jesse Pattison, on or before the first day of January, 1857;
that Jesse Pattison indorsed the note to the plaintiff; that de-
fendant has not paid the note, &c. The defendant by answer
denied each and every allegation in the complaint; and for
a second answer, alleged that he gave a note, describing it as
described in the complaint, except that it was payable at the
house of the defendant, and averred that it was the same note
mentioned in the complaint. He then avers that when the
note became due, he was at the place where payable, ready and
willing to pay the same, and has been ever since, and still is
ready to pay, &c. Upon the trial, the plaintiff gave evidence
tending to prove the issues upon his part, and rested. The
defendant then offered himself a witness in his own behalf.
The plaintiff objected, on the ground that no notice of his in-
tended examination had been given. The defendant's counsel
then produced, proved the service of, and read a notice, that
the defendant "will be examined as a witness on the trial of
this action, in his own behalf, on each and every allegation
contained in, and fact put at issue by the pleadings therein."

The plaintiff objected to the examination of the defendant as a witness, upon the ground that the notice did not specify the points upon which it was intended to examine the defendant. The court overruled the objection, and the plaintiff excepted. The defendant was examined as a witness, and proved the new matter alleged in his second answer, and the court directed a verdict for the defendant. The money had been brought into court soon after the action was commenced, and the plaintiff had received it.

> G. PARSONS, *for plaintiff.*
> J. GANSON, *for defendant.*

MARVIN, Justice. I think the judge erred in holding the notice sufficiently specific. The Code requires a notice of the examination, " specifying the points upon which such party or person is intended to be examined," and prohibits the examination, unless such notice be given. (*Code*, § 399.) The defendant in his notice says, that he will be examined as a witness in his own behalf, on each and every allegation contained in, and fact put at issue by the pleadings. Are any *points*, upon which he intends to be examined, *specified* in this notice ? It seems to me not. It is argued that the allegations contained in the pleadings are specific, and that the facts put in issue are specific, and that a reference to them in the notice, makes the notice sufficiently specific. The allegations in pleadings, and the facts put in issue, are always specific, or should be, and if the argument of the defendant's counsel is sound, a notice in the form used in this case, will be sufficient in any and all cases. In the present case, there are numerous material allegations in the complaint put in issue by the defendant's general denial, and then there are several material allegations in the answer, alleging new matter. The defendant was examined touching the new matter in his answer, but if the notice was sufficient, he could as well have been examined touching the making of the note, its indorsement by Jesse Pattison, or any fact put in issue. In truth, the notice gave no more informa-

tion to the plaintiff than it would have given, had it simply stated an intention to examine the defendant generally, as a witness in the cause, in his own behalf. It is practically quite as indifferent as was the notice in *Falon* agt. *Keese*, (8 *Howard Pr. R.* 341,) and less definite than in *Benham* agt. *The N. Y. Central R. R. Co.*, (13 *How.* 198.) In the latter case, the notice did specify that the assignor would be examined as a witness on the part of the plaintiff, *as to the liability of the defendants,* and also generally as a witness in the action. The notice must specify the *points* upon which the party or person is intended to be examined. The Code does not say, the allegations contained in the pleadings, or the facts put in issue, but the *points* upon which the party is to be examined. The party, in his notice, should name or designate the points. Webster defines " the point " thus : " The subject, the main question, the precise thing to be considered, determined or accomplished." Counsel make *points*, presenting the precise question to be considered and decided.

There is no difficulty in practice in *specifying the points* upon which it is intended to examine the witness, and it is important to the adverse party that he should be informed of the subject or question in reference to which the examination is to be made. The notice should certainly be as clear and as definite as is required in a bill of particulars.

In my opinion, the notice in the present case, did not specify the points upon which it was intended to examine the defendant, within the true intent and meaning of the Code, and the defendant should not have been examined as a witness in his own behalf. New trial granted, with $10 costs, to abide the event.